IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-60405

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

RODNEY CASE; KEVIN CLARK; MIKE FULTON; DOUGLAS MURPHY;
JAMES WARD

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CR-00210

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The petition for rehearing is GRANTED.  The prior opinion, United States
v. Case, 288 F. App'x 212 (5th Cir. 2008), is WITHDRAWN, and the following
opinion is substituted.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] The Government does not seek a rehearing as to Count One.  The Government
contends that this Court erred in affirming the district court's dismissal of Counts Nine and

Plaintiff-Appellant United States of America asserts that the district court erred when it dismissed Counts One, Nine, and Twelve of the Second Superseding Indictment. We affirm the district court's dismissal of Count One and reverse and remand as to Counts Nine and Twelve.

## I. Background

Count One of the Second Superseding Indictment charges all the above-named Defendants-Appellees with conspiring to commit wire fraud in violation of 18 U.S.C. § 371. The district court dismissed Count One, as well as all of the substantive wire fraud counts, Counts Two through Five, finding that they were unconstitutionally vague. The Government does not challenge the dismissal of Counts Two through Five, but it contends that the district court erred in dismissing Count One.

Counts Nine and Twelve of the Second Superseding Indictment charge Defendants-Appellees with violations of the Economic Espionage Act ("EEA"), codified at 18 U.S.C. § 1832. Defendants moved to dismiss Counts Nine and Twelve on several grounds, including the vagueness doctrine, improper venue, and prosecutorial vindictiveness. The district court held that these counts were not unconstitutionally vague and denied the motion to dismiss on that ground. The district court did not reach, however, the issue as to whether the counts should be dismissed on venue grounds or on the basis of prosecutorial vindictiveness. Instead, the district court found that Counts Nine and Twelve were barred by the statute of limitations. On appeal, the Government contends that the district court should not have dismissed Counts Nine and Twelve on statute of limitations grounds because they allege conduct continuing until January 2004, within five years of the return of the indictment.

Twelve. The only issue presented for rehearing is whether the panel made an error in its consideration of the dismissal of Counts Nine and Twelve on statute of limitations grounds. We substitute the entire opinion, although the ruling as to Count One remains the same.

II.    Discussion

    A.    Count One

Defendants moved to dismiss Counts One through Five on the grounds that they were unconstitutionally vague and failed to state an offense. Specifically, Defendants argued that these counts failed to identify any materially false or fraudulent representation and failed to identify the wires made in furtherance of the purported scheme. The Government argued that the indictment sufficiently alleged a material falsehood and the wires used. The district court held that the allegations in these counts were not sufficient to support a charge of wire fraud, as the counts did not allege a materially false representation. On appeal, having considered the parties' arguments and the applicable law, we affirm the district court's dismissal of Count One. See Neder v. United States, 527 U.S. 1, 25 (1999) ("[M]ateriality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes.").

    B.    Counts Nine and Twelve

We review the district court's factual findings in relation to the statute of limitations issue for clear error and its legal conclusions de novo. United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007). In the motion to dismiss on limitations and venue grounds, Defendants stated the following bases for dismissal:

> Counts 7-8 and 10-11 should be dismissed because they charge alleged crimes that occurred in January, 2002, for which the five year statute of limitations has expired given that the superseding indictment was returned on October 11, 2007. Counts 9 and 12 should be dismissed because they charge a crime that allegedly occurred in January, 2004 in North Carolina but do not charge that offense in Mississippi, where this case is being prosecuted.

In ruling on the motion to dismiss Counts Nine and Twelve, the district court stated that "[b]ecause the charges in Counts 9 and 12 of the Second Superceding Indictment were not charged in the original Indictment, the Court finds they do not relate back to that Indictment and are time-barred." United States v. Case, et al., No. 3:06-cr-00210, 2008 WL 1932403, at *9 (S.D. Miss. Apr. 25, 2008). The Defendants did not raise, however, any argument in their motion to dismiss as to the timeliness of Counts Nine and Twelve.

In its opinion, the district court never addressed the argument that Defendants did make relating to Counts Nine and Twelve, namely whether those counts should be dismissed because they were not brought within the proper venue. Defendants' motion to dismiss as to Counts Nine and Twelve on venue grounds provided in part as follows:

> Counts 9 and 12 both charge possession offenses in January, 2004, in Clemmons, North Carolina, but they do not charge these offenses in Mississippi. Even if these counts survive the statute of limitations since they allege acts within five years of the superseding indictment, they are not charged in the proper venue.

In response to Defendants' argument, the Government contended that:

> Defendants' motion to dismiss on venue grounds should be denied because the crime of possession is a continuing offense and, under 18 U.S.C. § 3237(a), such an offense may be prosecuted in any district where the offense began, continued, or concluded.

The distinction between the charges in Counts Nine and Twelve and the other counts which Defendants sought to dismiss as untimely is that the other counts allege conduct that occurred in January 2002 while Counts Nine and Twelve allege conduct beginning in January 2002 and continuing through January 2004.

On appeal, the Government contends that the five-year statute of limitations begins to run on the last day of a continuing offense. The Defendants argue that "[t]o the extent [the Government] is relying on the alleged January

2002 possession in Mississippi, that is outside the statute of limitations for the first and second superseding indictment." Defendants seem to recognize, however, the statute providing that an offense may be prosecuted in any district where the offense was begun, continued or completed.

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

18 U.S.C. § 3237(a); United States v. Santos, 203 F. App'x 613, 618 (5th Cir. 2006) (unpublished) (citing 18 U.S.C. § 3237(a) and finding that venue was proper in the district where the illegal conduct began); accord United States v. Muhammad, 502 F.3d 646, 653 (7th Cir. 2007) ("Congress has determined that, with respect to a continuing crime, venue is proper in any district where the crime began, continued, or was completed." (citing 18 U.S.C. § 3237(a))).

Nonetheless, Defendants argue that because Counts Nine and Twelve fail to allege venue in Mississippi within the last five years, the statute of limitations and venue requirements have not been satisfied. Defendants not only failed to raise this statute of limitations argument in the district court, but Defendants cite no authority to support this position on appeal. Defendants do not argue that the offenses in Counts Nine and Twelve are not continuing offenses.[2] Counts Nine and Twelve alleged conduct beginning in January 2002 in Mississippi and continuing through January 2004 in North Carolina. These counts allege continuing acts, and therefore, we find no basis for the statute of limitations to begin running on the date the conduct began in Mississippi in January 2002.

---

[2] The EEA makes it an offense for someone to do certain acts "with an intent to convert a trade secret." See 18 U.S.C. § 1832(a)(1)-(5). Counts Nine and Twelve state that the Defendants "did knowingly possess without authorization trade secrets . . . , intending to convert."

5

The statute of limitations as to Counts Nine and Twelve is five years. The Second Superseding Indictment was filed November 7, 2007. Counts Nine and Twelve allege continuing acts with conduct occurring in 2004. Therefore, Counts Nine and Twelve are not time-barred.

On appeal, Defendants raised other arguments as to Counts Nine and Twelve which the district court did not consider. We need not address those arguments in the first instance.

## III. Conclusion

For the foregoing reasons, we affirm the district court's dismissal of Count One, reverse the district court's dismissal of Counts Nine and Twelve, and remand to the district court for further proceedings not inconsistent with this opinion. AFFIRMED IN PART as to Count One, REVERSED and REMANDED IN PART as to Counts Nine and Twelve for further proceedings not inconsistent with this opinion.